UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WILLIAM TORO,

                Petitioner,

            v.                      9:06-CV-0023
                                        (LEK)(DRH)

JUSTEN TAYLOR; UNITED STATES
DEPARTMENT OF JUSTICE,

                Respondents.

APPEARANCES:

WILLIAM TORO
Petitioner, *pro se*

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE

## ORDER

The Clerk has sent to the Court for review a habeas corpus petition submitted for filing by Petitioner William Toro ("Petitioner"). Dkt. No. 1. Petitioner, who is presently confined at Gouverneur Correctional Facility, has also submitted an *in forma pauperis* application. Dkt. No. 3.

The Petition challenges a final order of removal issued against Petitioner on September 7, 2004. Dkt. No. 1 at 1. On November 30, 2005, the Board of Immigration Appeals dismissed Petitioner's appeal of the removal order as untimely. Id. at 2 & Ex. 2.

On May 11, 2005, the REAL ID Act of 2005 was signed into law. Pub. L. No. 109-13, Div. B., 119 Stat. 231. Various provisions of this law directly impact the availability of federal judicial review of removal orders entered by administrative immigration judges. Specifically, section 242(a) of the Immigration and Nationality Act

("INA"), 8 U.S.C. § 1252(c), was amended to clarify that district courts lack jurisdiction to review any removal order of any alien. Section 106(a)(1)(B)(5) of the REAL ID Act provides as follows:

> (5) Exclusive Means of Review--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act....

Real ID Act, § 106(a)(1)(B)(5).[1]

Since Petitioner is challenging an order of removal within the meaning of the REAL ID Act, this Court has no jurisdiction to review the merits of the Petition. Moreover, to the extent that Petitioner is seeking a stay of his removal, this Court is also without jurisdiction to address this request for relief. "By depriving district courts of jurisdiction to hear cases challenging final orders of removal, Congress necessarily deprived district courts of jurisdiction to grant stays of removal in such cases. Under INA § 242(b)(3)(B), 8 U.S.C. § 1252(b)(3)(B), the only court that may issue a stay is the court that will issue a 'decision on the petition.'" Rodney v. Gonzalez, No. 05 CV 3407 (SLT/RML), 2006 WL 73731, at *2 (E.D.N.Y. Jan. 10, 2006).

In light of the foregoing, the Petition is dismissed without prejudice to being

---

[1] The Real ID Act also provides that if any case brought under 28 U.S.C. § 2241 challenging a final order of removal, deportation and exclusion "is **pending** in a district court" on the date the Act became effective -- May 11, 2005 -- "then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which the petition for review could have been properly filed...." Real ID Act of 2005 § 106(c). Petitioner filed his petition on January 6, 2006. Dkt. No. 1. Since this Petition was not **pending** on May 11, 2005, this Court has no authority to transfer the Petition to the appropriate court of appeals.

refiled in the appropriate Court of Appeals. Furthermore, Petitioner's *in forma pauperis* application (Dkt. No. 3) is denied as moot.

WHEREFORE, it is hereby

**ORDERED**, that Petitioner's habeas corpus petition (Dkt. No. 1) challenging the order of removal is dismissed without prejudice to it being refiled in the appropriate Circuit Court of Appeals; and it is further

**ORDERED**, that Petitioner's request to proceed with this action *in forma pauperis* (Dkt. No. 3) is denied as moot; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   January 25, 2006
         Albany, New York

Lawrence E. Kahn
U.S. District Judge